AO 91 (Rev. 11/11) Criminal Complaint                               C&W No. 21-002 (AUSA Jessica Rice)

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| | ) | 21-MJ-49 |
| TIMOTHY DILLON, a/k/a "BEN BAXTER" | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _see attached Affidavit_ in the county of _see attached Affidavit_ in the _Eastern_ District of _Pennsylvania_, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2250 | Failure to register as a sex offender |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

s/ James Toland Jr.
*Complainant's signature*

James Toland Jr., Deputy United States Marshal
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/12/2021

s/ Timothy R. Rice
*Judge's signature*

City and state: Philadelphia, Pennsylvania

Hon. Timothy R. Rice, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, James Toland Jr., a Deputy United States Marshal (DUSM) with the United States Marshals Service (USMS), being duly sworn, depose and state as follows:

1. I have been a Deputy United States Marshal with the United States Marshals Service for 13 years, and am currently assigned to the Eastern District of Pennsylvania. I am also the assigned District Sex Offender Coordinator for the Eastern District of Pennsylvania. Prior to joining the USMS, I was employed by the Federal Bureau of Prisons as a Correctional and Inmate Systems Officer. While employed by the USMS, I have completed the USMS Basic Deputy Training Program, the Criminal Investigator Training Program, and the Sex Offender Coordinator Training Program. As a DUSM, I have conducted criminal investigations regarding fugitives, threats to federal judges, and sex offender registration violations, as outlined in the Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. § 20901, *et seq.*

2. This affidavit is being submitted in support of a criminal complaint and arrest warrant charging TIMOTHY DILLON, a/k/a "BEN BAXTER," with failure to register as a sex offender, in violation of Title 18, United States Code, Section 2250.

3. The statements in this affidavit are based on my investigation of this matter and on information provided by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of obtaining a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that TIMOTHY DILLON committed violations of Title 18, United States Code, Section 2250.

## LEGAL AUTHORITY

4. Under the Sex Offender Registration and Notification Act, Title I of the Adam Walsh Child Protection and Safety Act of 2006 (Public Law 109-248), convicted sex offenders are required to register with the government and provide notification of certain activities, such as the location of an offender's residence and place of employment. Knowing failure to register or update such information is penalized under 18 U.S.C. § 2250, Failure to Register.

5. A "sex offender" is any individual who has been convicted of a "sex offense," which includes a criminal offense that is a "specified offense against a minor." 34 U.S.C. §§ 20911(1), (5)(A). Pursuant to 34 U.S.C. § 20911(7)(G), possession, production, or distribution of child pornography qualifies as a "specified offense against a minor." § 20911(7)(G).

6. SORNA requires a sex offender to register in each jurisdiction where the offender resides, where the offender is an employee, or where the offender is a student. 34 U.S.C. § 20913(a). A sex offender must keep that registration current, including by informing the jurisdiction in which he is registered of any change in name, residence, employment, or student status not later than three business days after such change. § 20913(c).

## FACTS SUPPORTING PROBABLE CAUSE

7. On May 23, 2017, TIMOTHY DILLON pleaded guilty in the Eastern District of Pennsylvania to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Crim. No. 17-cr-28). United States District Court Judge Jan E. Dubois sentenced DILLON to 21 months' incarceration, followed by 5 years' supervised release. As a condition of DILLON's supervised release, DILLON must "comply with the requirements of the Sex Offender

2

Registration and Notification Act . . . as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he . . . resides, works, is a student, or was convicted of a qualifying offense." (ECF no. 23.) DILLON was permitted to remain on bail pending his surrender to the Bureau of Prisons on July 7, 2017 to begin serving the incarceration portion of his sentence.

8. Pursuant to 34 U.S.C. §§ 20913, 20915(a), 20918, and 42 Pa. C.S. Chapter 97, Subchapters H and I, DILLON is classified as a Tier I sex offender, and is required to register with the Pennsylvania State Police (PSP) in person, every 12 months, for a period of 15 years. Notification to PSP is also required within 3 business days if there is any change in residence, including, but not limited to, beginning to live in a residence, adding an additional residence, moving out of a previously registered residence, or failing to have a residence.

9. DILLON first registered as a sex offender in Pennsylvania on May 26, 2017, after he was convicted but before he reported to federal prison. In his initial registration documents, DILLON acknowledged his sex offender registration requirements, including the requirement that he must appear in person at an approved registration site on an annual basis and report any change of residence within 3 business days.

10. On May 31, 2017, the PSP Megan's Law Section sent DILLON a letter at 702 Brainerd Road, Exton, PA 19341 (the address that DILLON provided upon his initial registration with PSP), informing DILLON that PSP had received and processed DILLON'S sexual offender registration. The letter further informed DILLON that he is classified as a Tier I sex offender and set forth DILLON's registration requirements. The letter provided the Megan's Law Section phone number (1-866-771-3170), and instructed DILLON to call that number with any questions.

11. On May 29, 2018, DILLON completed a PSP change-of-address form, updating his address to Federal Correctional Institution at Fort Dix. In that document, DILLON acknowledged his sex offender registration requirements, including the requirement that he must appear in person at an approved registration site on an annual basis and report any change of residence within 3 business days.

12. In compliance with his sex offender registration requirements, DILLON updated his registration with the PSP Megan's Law Section on five subsequent occasions: November 13, 2018; November 28, 2018; January 11, 2019;[1] May 22, 2019; and June 17, 2019. Each time he completed the relevant forms, DILLON acknowledged his continuing obligation to register as a sex offender.

13. On August 28, 2019, DILLON'S parents reported DILLON missing to authorities in Uwchlan Township, Pennsylvania. Uwchlan Township Police investigated DILLON as a Missing Person – Suicidal (case no. UT-19-08110); however, DILLON was not located.

14. On September 10, 2019, a federal arrest warrant for DILLON was signed by Judge Dubois based on DILLON's abscondment from supervision, among other violations.

15. On May 11, 2020, the PSP Megan's Law Section sent a letter to DILLON at his address of record (702 Brainerd Road, Exton, PA), notifying DILLON that he was required to report to an approved registration/verification site between May 16, 2020 and May 25, 2020, for his annual sex offender registration verification. DILLON did not report as directed.

16. In the early morning hours of September 25, 2020, DILLON was arrested by the

---

[1] On January 11, 2019, DILLON was released from federal custody and updated his sex offender registration to reflect that his primary address was once again 702 Brainerd Road, Exton, PA 19341.

4

Evanston Police Department in Evanston, Wyoming. DILLON first came to the attention of law enforcement when an officer found DILLON, along with a young woman, sitting inside a vehicle in a local park after closing hours. When DILLON reacted nervously to the officer's presence, the officer asked DILLON for his driver's license. A warrants check revealed the active federal warrant for DILLON's arrest and the officer took DILLON into custody. DILLON informed the Evanston Police Department that his residential address was 3900 South 760 East, Salt Lake, Utah.

17. That same day, law enforcement learned that DILLON had been utilizing the alias "Ben BAXTER." Approximately 90 minutes after DILLON was arrested, DILLON's employer[2] called the Evanston Police Department to report a man named "Ben BAXTER" missing (case no. 20-11971). During that call, DILLON's employer explained that "Ben" was staying at the Motel 6 in Evanston and had left his room and not returned for several hours. DILLON's employer described the clothing that he had last seen "Ben" wearing and DILLON's arresting officer recognized the description as a match for DILLON. The officer subsequently met with DILLON's employer, who positively identified DILLON from a photograph as the man known to him as "Ben BAXTER." DILLON's employer explained that "Ben" had been working for him in Utah for several months and that he, "Ben," and other employees had traveled to Wyoming for a construction job and had been staying there for the last few days. Prior to the morning of September 25, 2020, DILLON's employer did not know "Ben" by any other name.

18. On October 1, 2020, Your Affiant contacted the Office of the Attorney General, Division of Criminal Investigation for the State of Wyoming and requested a records check to

---

[2] Law enforcement has confirmed the identity of DILLON's employer; however, his name has been omitted from this affidavit to protect his identity.

5

determine whether DILLON had ever been registered in Wyoming's sex offender registry. A records check confirmed that DILLON had not registered as a sex offender in Wyoming prior to his September 25, 2020 arrest.

19.     On the same day, the Utah Department of Corrections, Sex, Kidnap and Child Abuse Registry & Interstate Compact Office confirmed that DILLON had never registered as a sex offender in the State of Utah.

20.     Also on October 1, 2020, Your Affiant requested and received a copy of DILLON's records from the PSP. Those records confirmed that DILLON had not updated or verified his Pennsylvania sex offender registration status since June 17, 2019.

21.     On January 11, 2021, Your Affiant learned that DILLON was in the process of being transported from the District of Wyoming to the Eastern District of Pennsylvania via the Justice Prisoner & Alien Transportation System.

**CONCLUSION**

22. Based upon the information above, I respectfully submit that there is probable cause to believe that TIMOTHY DILLON, a/k/a "BEN BAXTER," failed to register as a sex offender, in violation of Title 18, United States Code, Section 2250. I respectfully ask that the Court issue a warrant ordering his arrest for such crime.

Respectfully submitted,

*s/ James Toland Jr.*
JAMES TOLAND JR.
Deputy United States Marshal
United States Marshals Service

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 12th DAY
OF JANUARY, 2021

 s/ Timothy R. Rice
HONORABLE TIMOTHY R. RICE
United States Magistrate Judge

## ATTACHMENT A

### Count One – Failure to Register as a Sex Offender – 18 U.S.C. § 2250

From on or about September 3, 2019 to on or about September 25, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant TIMOTHY DILLON, a/k/a "BEN BAXTER," a convicted sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law, who is required to register under the Sex Offender Registration and Notification Act, knowingly failed to update a registration as required by the Sex Offender Registration and Notification Act.